UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEYE SO on behalf of herself and all others similarly situated,<br><br>                                  Plaintiff,<br>v.<br><br>91-06 GREEN GROCERY INC. dba JAMAICA GREEN GROCERY, YUN KYENG WON, and HEE JO LEE<br><br>                                  Defendants, | Index No.   22-cv-3608<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

      Plaintiff, Aeye So (collectively, "plaintiff"), on behalf of herself and all others similarly situated, by her attorneys, Ryan Kim, complaining of defendants 91-06 Green Grocery Inc. d/b/a Jamaica Green Grocery ("JGG"), and Hee Jo Lee (collectively, "defendants"), alleges:

### NATURE OF ACTION

      1.  This action is brought to recover unpaid overtime wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

      2.  Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

      3.  Defendants own and operate Jamaica Green Grocery, a grocery store at 91-06 Sutphin Blvd. Queens NY.

      4.  Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage as required by law.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as 91-06 Green Grocery Inc. is incorporated and located in the Eastern District of New York.

### Plaintiff Aeye So

7. Aeye So ("So") resides in Queens County, New York.

8. Ms. So was employed as a cook by Defendants from about 1992, through March 17, 2020.

### 91-06 Green Grocery Inc dba Jamaica Green Grocery

9. Defendant 91-06 Green Grocery Inc. is a New York Corporation that owns and operates Jamaica Green Grocery store in Jamaica New York.

10. 91-06 Green Grocery Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. 91-06 Green Grocery Inc. has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. 91-06 Green Grocery Inc. has an annual gross volume of sales in excess of $500,000.

### Hee Jo Lee

13. Defendant Hee Jo Lee ("Lee") is the president and the owner of 91-06 Green Grocery Inc.

14. Hee Jo Lee is sued individually in his capacity as an owner, officer, and/ or agent of Jamaica Green Grocery.

15. Hee Jo Lee exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

16. At all-time material herein, Hee Jo Lee had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Jamaica Green Grocery.

17. Hee Jo Lee makes all final decisions about employment practices at Jamaica Green Grocery.

18. The defendant Hee Jo Lee managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through Jamaica Green Grocery.

**Yun Kyeng Won**

19. Defendant Yun Kyeng Won ("Won") is the chief executive officer and the owner of 91-06 Green Grocery Inc.

20. Yun Kyeng Won is sued individually in her capacity as an owner, officer, and/ or agent of Jamaica Green Grocery.

21. Yun Kyeng Won exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New York Labor Law.

22. At all-time material herein, Yun Kyeng Won had the authority to hire and fire employees and established and exercised authority regarding the pay practices at Jamaica Green Grocery.

23. Yun Kyeng Won makes all final decisions about employment practices at Jamaica Green Grocery.

24. Defendant Yun Kyeng Won managed, supervised, established, and administered the terms and conditions of Plaintiff's employment through Jamaica Green Grocery.

## COLLECTIVE ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of herself and all similarly situated non-exempt employees (i.e. store clerk and cashier) who work or have worked at Jamaica Green Grocery within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

26. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of Jamaica Green Grocery, who have been victims of the defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

27. The FLSA Collective consists of employees who, during their employment at Jamaica Green Grocery, worked as non-exempt employees.

28. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the statutory minimum wage for all hours worked;

   b. failing to pay employees the proper overtime pay for all hours worked over forty;

   c. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

   d. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

4

29. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

30. So worked as a server throughout her time employed by defendants.

31. Working as a server, So fell into the category of "non-exempt" employee pursuant to the FLSA.

32. From 1992, until about June 2018, So regularly worked five to six days per week. Plaintiff began her work around 6:00 a.m. and ended at around 9~10 p.m. She regularly worked 15-16 hours for 5-6 days and about 75~96 hours per week. During this period, she was paid about $400, and later she was paid $500.00.

33. From July 2018 until March 17, 2020, Plaintiff worked about 8 hours per day for 4 or 5 days per week.

34. Defendants also failed to compensate So at one and one-half times the statutory minimum wage rate for the hours she worked in excess of forty (40) per workweek.

35. Defendants failed to pay So spread-of-hours pay when the length of her workday exceeded ten hours.

36. Defendants failed to furnish So's wage statements with her hours worked and rates of pay at her every payday.

37. Defendants also failed to furnish So with a wage notice at the time of hiring and whenever her wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Ad - Unpaid Minimum Wage)

38. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

39. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

40. Plaintiff and the FLSA Collective are employees within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

41. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

42. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

   a. Defendants were required to but failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

43. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

45. As a result of Defendants' willful violations of the FLSA plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law - Unpaid Minimum Wage)

46. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

47. Defendants are employers within the meaning of the NYLL §§ 190,651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

48. Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the NYLL.

49. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiff minimum hourly wages.

50. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

51. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

52. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

53. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

54. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

55. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1 ½ ) times the regular rate of pay for all hours she worked in excess of forty.

58. Defendants have failed to pay Plaintiff the overtime wages to which they were entitled under the NYLL 132. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

59. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

60. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

61. Defendants willfully failed to pay Plaintiff the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten hours.

62. By defendants' failure to pay Plaintiff the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

64. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

65. Defendants failed to furnish to Plaintiff at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2021, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

66. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

67. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

68. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a) declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b) declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c) declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d) declaring that Defendants' violations of the FLSA and NYLL were willful;

e) awarding plaintiff and the FLSA Collective damages for unpaid minimum wages;

f) awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

g) awarding Plaintiff damages for unpaid spread-of-hours pay;

h) awarding plaintiff and the FLSA Collective, liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

i) awarding plaintiff and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

j) awarding plaintiff and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

k) awarding plaintiff and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

l) awarding plaintiff and the FLSA Collective, the reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: June 17, 2022

                                                      /s/ Ryan Kim
                                                      Ryan J. Kim

                                                      Ryan J. Kim, Esq.
                                                      Ryan Kim Law, P.C.
                                                      222 Bruce Reynolds Blvd. Suite 490
                                                      Fort Lee, NJ 07024
                                                      ryan@RyanKimLaw.com